**In re Larry S. BANKSTON, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–331.**

District of Columbia Court of Appeals.

Submitted March 30, 2000.
Decided April 13, 2000.

Before STEADMAN, SCHWELB, and RUIZ, Associate Judges.

PER CURIAM:

On June 27, 1997, following a jury trial in the United States District Court for the Eastern District of Louisiana, Larry S. Bankston, a member of the bar of this court, and formerly a Louisiana State Senator and Chairman of the Senate's Judiciary Committee B, was found guilty of two felony counts of violating the "Travel Act," 18 U.S.C. § 1952. In the counts of which Bankston was convicted, the United States charged him with using an interstate telephone communication with the intent, *inter alia*, to promote racketeering and bribery.

---

The facts relating to Bankston's activities are described in *United States v. Bankston*, 182 F.3d 296 (5th.Cir.1999).

On November 23, 1998, while Bankston's appeal was still pending, the Board on Professional Responsibility recommended that Bankston be disbarred upon the completion of his appeal process. In its Report and Recommendation, the Board expressed the view that "the statutory sections under which [Bankston] was convicted set out an offense of moral turpitude." The Board therefore concluded that disbarment was mandatory pursuant to the provisions of D.C.Code § 11–2503(a). Neither Bar Counsel nor Bankston excepted to the Board's recommendation.[1] In conformity with our deferential standard of review, *see, e.g., In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995), we adopt the Board's recommendation.

On July 21, 1999, Bankston's convictions were affirmed, *United States v. Bankston, supra*, and the appellate process is now complete.[2] Accordingly, and in conformity with the Board's recommendation, Larry S. Bankston must be and he is hereby disbarred.

*So ordered.*[3]

---

1. The Board invited Bankston to respond to Bar Counsel's brief to the Board, but Bankston did not do so.

2. On March 20, 2000, the Supreme Court granted the petition of one of Bankston's co-defendants, Carl W. Cleveland, for a writ of *certiorari.* Bankston was not a party to that petition, and the issues raised do not involve Bankston's convictions.

3. In connection with any future application by Bankston for re-admission to our Bar, we direct his attention to D.C. Bar R. XI, § 14(g).